UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GERALD MCDOWELL (#601992), Plaintiff | CIVIL ACTION NO. 1:17-CV-0352-P |
| VERSUS | CHIEF JUDGE DRELL |
| DR. CASEY MCVEA, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Gerald Mcdowell ("Mcdowell") (#601992). Mcdowell has been granted leave to proceed *in forma pauperis*. (Doc. 9). Mcdowell is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Mcdowell names as defendants Dr. Casey McVea, Assistant Warden Myrna Cooper, Warden Sandy McCain, Lieutenant Dupluchi, Captain Keon James, the DOC, and the State of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Mcdowell alleges he was hit in the groin while playing flag football. The pain stopped after a few minutes, and Mcdowell continued playing. (Doc. 1, p. 2). Three days later, Mcdowell noticed "tiny specks of blood" in his urine, as well as swelling in

the groin area. Mcdowell was examined in sick-call that evening. (Doc. 1, p. 3). Mcdowell was given a "no duty" pass for two days. A urinalysis showed normal findings. (Doc. 1, p. 3). Mcdowell was informed that he would be called to see the doctor in seven days.

Mcdowell submitted a medical emergency form and an administrative grievance 11 days later because he had still not seen the doctor. (Doc. 1, p. 3). Mcdowell refused to work in the field that day and was sent to lockdown by Cpt. James. (Doc. 1, pp. 3-4). Mcdowell alleges that, while in lockdown, Lt. Duplechi denied his requests to make a sick call. (Doc. 1, pp. 3-4).

The following month, Mcdowell had a second urinalysis, which was also normal. (Doc. 1, p. 4; Doc. 2, p. 2). Mcdowell was examined by Dr. McVea, who detected a small hernia. Dr. McVea prescribed medication, provided Mcdowell with an athletic supporter, and told Mcdowell he would be transported for a CT scan. (Doc. 1, p. 4). Mcdowell complains that he has not received a CT scan, and his medication has been changed without Mcdowell's consent. (Doc. 1, p. 5).

Mcdowell alleges that Assistant Warden Cooper is liable as supervisor of the medical department at RLCC, and Warden McCain is liable as supervisor of all RLCC officials. (Doc. 1, p. 5). Mcdowell alleges that the DOC and state are liable because he was never provided a waiver to sign before playing sports inside a state facility.

II. Law and Analysis

A. Mcdowell's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Mcdowell is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Mcdowell's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Mcdowell's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. Mcdowell fails to allege deliberate indifference to his medical needs.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high

standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Mcdowell has not presented factual allegations indicating that Dr. McVea, Assistant Warden Cooper, Warden McCain, or Cpt. James acted with deliberate indifference to his serious medical needs. Mcdowell was examined on the day he complained about blood in his urine. Mcdowell received two urinalyses, which had normal findings. A hernia was diagnosed, and Mcdowell received pain medication and an athletic supporter. Mcdowell complains that his medication was changed without his consent. Although Mcdowell believes he should have received a CT scan or different medication, he does not present facts indicating that Defendants ignored his complaints or intentionally treated him incorrectly.

To the extent that Mcdowell disagrees with the treatment he received, he cannot state a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). To the extent that Mcdowell complains his treatment was unsuccessful or inadequate, his claim fails. Even unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. See Gobert, 463 F.3d at 346.

Mcdowell alleges that Lt. Dupluchi ignored his request to a make sick call when Mcdowell was on lockdown. Mcdowell also complains that he was not examined seven days after his initial sick-call. A delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm. See Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Mcdowell does not allege that he suffered any lasting complications or substantial harm resulting from the alleged delays in receiving medical care.

### C. Mcdowell cannot state a claim for retaliation.

Mcdowell alleges he was denied proper medical care in retaliation for filing an administrative grievance. (Doc. 1). To state a claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Jones, 188 F.3d at 325 (citations omitted).

The retaliatory adverse act set forth by Mcdowell is the denial of medical care. However, Mcdowell's exhibits and complaint indicate that he received medical examinations and treatment, including two urinalyses, three months of pain

5

medication, and a medical supporter. Mcdowell has not alleged a retaliatory adverse act necessary to state a retaliation claim.

### D. Warden McCain and Assistant Warden Cooper cannot be held liable as supervisors.

Mcdowell claims that Warden McCain and Assistant Warden Cooper are liable as supervisors of the medical department and RLCC. "Vicarious liability does not apply to § 1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). Supervisors may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivations; or (2) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993).

Mcdowell does not allege that Warden McCain and Warden Cooper personally participated in the alleged constitutional violations or implemented unconstitutional policies. Thus, they cannot be held liable as supervisors.

### E. McDowell cannot state a claim against the DOC or State of Louisiana.

Mcdowell complains that the DOC and state are liable because Mcdowell was never provided a waiver to sign before playing sports inside a state facility.

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own state. See Pennhurst State Sch. v. Halderman, 465 U.S. 89, 98 (1984); Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185-86 (5th Cir. 1986). The DOC is considered an arm of the state since any money judgment against it or its subdivisions necessarily would be paid from

6

state funds. See Anderson v. Phelps, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, a suit against the DOC implicates the Eleventh Amendment immunity doctrine, as well. See Muhammad v. Louisiana, Nos. 99-3742 & 99-2694, 2000 WL 1568210 (E.D.La. Oct. 18, 2000). Although a state may expressly waive this Eleventh Amendment sovereign immunity, see Welch v. Dep't of Highways, 780 F.2d 1268, 1271-73 (5th Cir. 1986), the State of Louisiana has not done so.

III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Mcdowell's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS

AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __19th__ day of April, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge